JASPER RIGGINS v. THE STATE.

No. 894. Decided February 22, 1911.

**Selling Intoxicating Liquors—Indictment—Business—Local Option.**

Where the indictment did not allege that the defendant unlawfully carried on the business of selling intoxicating liquor in local option territory, or that he was violating the law, the same was insufficient.

Appeal from the District Court of Williamson. Tried below before the Hon C. A. Wilcox.

Appeal from a conviction of unlawfully carrying on the business of selling intoxicating liquors in local option territory; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. F. Taulbee* and *D. W. Wilcox,* for appellant.—On the question of the insufficiency of the indictment: Keith v. State, 58 Texas Crim. Rep., 418, 126 S. W. Rep., 569; Sutphen v. State, 59 Texas Crim. Rep., 500, 129 S. W. Rep., 144.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was indicted under a charge for violating the local option law in precinct No. 1 of Williamson County. The indictment charges him with engaging in and pursuing the business of selling intoxicating liquors in that precinct. The statute under which the indictment was framed is found in the Acts of the Thirty-first Legislature, page 284, section 1 of which reads as follows:

"If any person shall engage in or pursue the occupation or business of selling intoxicating liquors except as permitted by law, in any county, justice precinct, city, town or subdivision of a county in which the sale of intoxicating liquor has been or shall hereafter be prohibited under the laws of this State, he or she shall be punished by confinement in the penitentiary not less than two nor more than five years."

There is another clause of the law which provides that in cases of this character there must be at least two sales proved within three years, and these must be in violation of the law. The statute under which this indictment was framed provides that in order to violate this statute he must be carrying on the business in some manner not permitted by law. The indictment in this case nowhere makes the statement that appellant was violating the law either generally or specifically. It does allege that he was carrying on the business in a territory where local option had been put into operation, but it nowhere alleges the sales in violation of the law. There are ways by which sales of intoxicating liquors occur in local option territory without a violation of the statute. Under none of the authorities is the indictment in this case sufficient.

The judgment is reversed and the prosecution is dismissed.

*Dismissed.*